# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **TOMMY BURRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09CV00078 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Gregory R. Herrell, Arrington, Schelin, & Herrell, P.C., Bristol, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Eda Giusti, Assistant Regional Counsel, and Stephen M. Ball, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Plaintiff Tommy Burris filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits pursuant to Titles II and XVI of the Social Security Act ("Act"), 42

U.S.C.A. §§ 401-433, 1381-1383d (West 2003 & Supp. 2010). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Burris filed for benefits on October 12, 2006, alleging that he became disabled on March 7, 2002 due to several physical and mental impairments including diabetes, neuropathy, hypertension, depression, obsessive-compulsive disorder, and sleep apnea. His claim was denied initially and upon reconsideration. A hearing was held before an administrative law judge ("ALJ"), at which Burris, represented by a non-attorney representative, and a vocational expert testified. The ALJ denied Burris's claim, and the Social Security Administration Appeals Council denied his Request for Reconsideration. Burris then filed his Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Burris was born on February 8, 1954, making him a person of advanced age under the regulations. 20 C.F.R. §§ 404.1563(d), 416.963(d) (2010). He holds a master's degree in government. He is married and has two children, but he is estranged from his family. He owned and operated a tax preparation and consultation firm until 2002. In 2002, he pled guilty to money laundering and mail

fraud. He was incarcerated until 2006. Since his release, he has relied upon his brother for support. Burris now lives at a group home.

The ALJ determined that Burris suffered from several severe impairments: obesity, diabetes mellitus, an infected right toe callus disorder, a bilateral lower extremity venous insufficiency disorder, a bilateral hand and foot degenerative joint disorder, sleep apnea, depression, and anxiety. The ALJ determined that Burris could perform simple, routine, repetitive, unskilled medium work involving no interaction with the general public.

III

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing DIB and SSI claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment;

(3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2010).  If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases.  *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).  The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.  *Id.* at 869.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence.  *Seacrist v. Weinbarger*, 538 F.2d 1054, 1956-57

(4th Cir. 1976).  It is not the role of this court to substitute its judgment for that of the Commissioner.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Burris makes two arguments: (1) that the ALJ failed to comply with 20 C.F.R. § 404.1520a(d) (2010) in evaluating Burris's mental impairments; and (2) that the ALJ failed to provide the vocational expert with a proper hypothetical question with regard to mental impairments.

Burris's first argument is that the ALJ did not make an assessment regarding Burris's mental residual functional capacity.  The ALJ did not state whether Burris could follow instructions, interact with supervisors and coworkers, and deal with changes in a routine work setting.  Burris argues that without setting out specific limitations, it is impossible to determine whether Burris can interact with the public or engage in simple, routine, repetitive, unskilled tasks.  The ALJ was required to make specific findings regarding the demands of unskilled work.  Failure to make those findings renders it impossible to determine whether appropriate jobs exist.

Burris's second argument is that the ALJ failed to provide the vocational expert with certain essential findings.  Instead of offering findings about Burris's mental residual functional capacity, the ALJ offered a presupposition that Burris was capable of simple, routine, repetitive unskilled work that involved no interactions with the general public.

Neither argument is persuasive. The ALJ did determine Burris's residual functional capacity as to both his physical and mental impairments. She provided that assessment to the vocational expert. The ALJ determined that Burris could not interact with the general public. She also determined that Burris could perform only simple, routine, repetitive tasks. According to the Programs Operation Manual System DI 25020.010 cited by the claimant, having the ability to understand and carry out only simple instructions and make simple decisions is consistent with the demands of unskilled work. The ALJ did not specifically state whether Burris could respond appropriately to work situations and changes in the work setting, but such a statement is not required. A natural reading is that Burris had no relevant limitations besides those listed. An ALJ is not required to affirmatively state every task a claimant is capable of doing.

Burris argues that the ALJ presupposed that Burris could perform unskilled work. However, the determination of residual functional capacity was that Burris could not perform work that was more demanding than unskilled work. Moreover, the ALJ provided additional limitations; the work must be simple, routine, and repetitive. The ALJ was not required to cite specific findings in her hypothetical to the vocational expert. Rather, she was only required to present a hypothetical capturing Burris's functional limitations.

The decision was supported by substantial evidence, and there was no error in the law applied.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: March 21, 2011

/s/ James P. Jones
United States District Judge